## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47954

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 20, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| EUGENIO CALIZ-BAUTISTA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Eugenio Caliz-Bautista appeals from the district court's judgment of conviction entered upon his guilty plea of lewd conduct with a minor under the age of sixteen. Caliz-Bautista argues that the district court erred in denying his motion to dismiss for a violation of his statutory speedy trial rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2019, the State filed an information charging Caliz-Bautista with two counts of lewd conduct with a minor under sixteen. The district court scheduled a trial for November 13, 2019. Caliz-Bautista was not present for the pretrial conference on November 4, 2019, as he was incarcerated on charges in a separate case in another county. The district court directed defense counsel to submit a transport order before trial. However, an order was not

1

submitted and Caliz-Bautista was not present on the trial date. Caliz-Bautista's counsel requested that the trial date be reset, and the court moved the trial date to January 8, 2020.

Ostensibly due to overcrowding in the Twin Falls County Jail, Caliz-Bautista remained incarcerated in a separate county. On January 3, 2020, Caliz-Bautista's counsel again moved to have the trial date continued, citing a lack of time to prepare for trial. The trial was again reset, this time to March 24, 2020.

Caliz-Bautista then moved to dismiss the charges, claiming a violation of his speedy trial rights because the trial had not been held within 180 days of the information being filed. The district court denied the motion, finding that good cause existed to delay the trial past 180 days in order to ensure Caliz-Bautista's Sixth Amendment rights to trial-ready counsel were protected.

Caliz-Bautista pled guilty to one count of lewd conduct with a minor under sixteen, preserving his right to appeal the denial of his motion to dismiss, and the other count was dismissed by the State. The district court entered judgment sentencing Caliz-Bautista to a unified term of fifteen years with one and a half years determinate. Caliz-Bautista timely appeals.

## II.

## ANALYSIS

Caliz-Bautista argues that the district court erred in finding good cause to delay his trial beyond the 180-day statutory limit. Specifically, Caliz-Bautista argues that overcrowding at the Twin Falls County Jail and the failure to arrange transport were the reasons for the delay and are insufficient to establish good cause. The State argues that good cause need not be shown, since both trial dates were reset at Caliz-Bautista's request.

Absent a showing of good cause to the contrary, Idaho Code § 19-3501(2) requires the district court to dismiss a case "[i]f a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court." "[W]here a trial is postponed upon application of the defendant, the six-month deadline in I.C. § 19-3501 is not applicable." *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989). Therefore, if the trial is postponed upon the defendant's application, the Court "need not address whether there was good cause under the statute." *State v. Folk*, 151 Idaho 327, 332, 256 P.3d 735, 740 (2011).

In his opening brief, Caliz-Bautista concedes that this Court need not address whether there was good cause if the defendant moves to postpone a trial, and that his counsel asked to postpone both the November 2019 and January 2020 trials. He nonetheless argues the State has not shown good cause for the delay. Because the trial was postponed on Caliz-Bautista's application, we need not address whether there was good cause for the delay under the statute. Therefore, we affirm the district court's judgment of conviction.

## III.

## CONCLUSION

The district court did not err by denying Caliz-Bautista's motion to dismiss for a violation of his statutory speedy trial rights. Accordingly, the district court's judgment of conviction is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.